UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| OSCAR ALMARAZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> VISION DRYWALL & PAINT, LLC, et al., <br><br> Defendants. | 2:11-CV-01983-PMP-PAL <br><br> ORDER |

Presently before the Court is Plaintiffs' Motion for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction (Doc. #20), filed on February 24, 2012. Defendants filed an Opposition (Doc. #24) on March 9, 2012. Plaintiffs filed a Reply (Doc. #25) on March 16, 2012.

Plaintiffs brought suit in this Court alleging minimum wage and overtime violations under the Fair Labor Standards Act ("FLSA"). (Compl. (Doc. #1).) Plaintiffs now move the Court to enjoin Defendants from threatening to retaliate against any named or opt-in Plaintiff, pressuring any named or opt-in Plaintiff to renounce support for the lawsuit, approaching any putative class member to obtain a release of claims or otherwise settle the case, and further communicating with Plaintiffs or putative class members. Plaintiffs also seek a corrective notice to be issued to Plaintiffs and putative class members, an order directing Defendants to provide all records regarding Defendants' communications with Plaintiffs or putative class members, and for fees and costs for filing the present motion.

///

Plaintiffs base their motion on the declaration of opt-in Plaintiff Jose Palacios ("Palacios"). Palacios states that Jesus Munoz ("Munoz"), a supervisor with Defendant Vision Drywall & Paint, LLC ("Vision"), and Celestino Monterrosas ("Monterrosas"), a crew leader for Vision, contacted him on several occasions asking if he was the Jose Palacios who is named in the current lawsuit. (Mot. for T.R.O. & Order to Show Cause Re: Prelim. Inj. (Doc. #20), Ex. A.) Palacios states that he told Munoz and Monterrosas that he was not involved in the lawsuit even though he is an opt-in Plaintiff in this action. (Id.) Palacios contends he misrepresented his participation in the suit because he was afraid he would be fired. (Id.) According to Palacios, Munoz advised that if Palacios's signature had been forged, it would assist Vision in defending this lawsuit, and Palacios should sign a statement that his signature had been forged. (Id.) Munoz also queried Palacios regarding the whereabouts of another Plaintiff, Oscar Almaraz. (Id.) According to Palacios, Munoz stated that pursuing the lawsuit would result in Plaintiffs "burning their bridges with the company." (Id.) Palacios further contends that Monterrossas told Palacios that Vision had not called Palacios back to work "because of the signature" and until Palacios "fixed that," Palacios would not be working. (Id.)

Defendants respond by admitting that Munoz contacted Palacios to determine if in fact he was the Jose Palacios who opted into this action. (Opp'n to Pls.' Mot. for T.R.O. (Doc. #24), Ex. A.) However, Munoz denies that he was threatening or intimidating. (Id.) Rather, Munoz states that Palacios denied that he wanted to join the lawsuit and denied that he had signed the form. (Id.) Munoz thus wondered whether Palacios had been joined fraudulently, but he and a Vision employee determined that the signature on the opt-in form matched Palacios's signature on personnel documents Palacios had signed with Vision. (Id.) Munoz therefore called Palacios again but Palacios again denied he signed the form. (Id.) According to Munoz, Palacios denied wanting to participate in the lawsuit and asked "how he could get rid of it." (Id.) Munoz states that in response to Palacio's statements, he

advised that if Palacios had not signed the opt-in form, he should sign a statement that his signature was forged and he should talk to Plaintiffs' attorney.  (Id.)  Munoz denies that he prevented Palacios from working for Vision.  (Id.)

Monterrosas likewise states that he contacted Palacios only after Palacios did not show up for work as scheduled.  (Opp'n to Mot., Ex. B.)  Monterrosas contends he did not initiate a conversation with Palacios regarding the lawsuit.  (Id.)  According to Monterrosas, Palacios initiated the conversation by stating that Palacios did not sign the opt-in form.  (Id.)  Monterrosas states that he responded that he had nothing to do with the lawsuit.  (Id.)  Monterrosas denies he told Plaintiff he was burning bridges or that no work would be available until he fixed the signature issue.  (Id.)

Plaintiffs have not met their burden of establishing a likelihood of irreparable harm or that the balance of hardships favors Plaintiffs.  See Winters v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  Plaintiffs have presented evidence that Munoz and Monterrosas contacted a single opt-in Plaintiff.  Even accepting as true Palacios's statements regarding Munoz's and Monterrosas's conduct, Plaintiffs have presented no evidence that any Defendants beyond Munoz, Monterrosas, and Vision should be enjoined. Moreover, Defendants have agreed to stipulate that they will not contact Palacios again. (Opp'n to Pls.' Mot. for T.R.O. at 11.)  Plaintiffs have presented no evidence that Munoz or Monterrosas have threatened or intimidated any other Plaintiff or putative class member. Consequently, Plaintiffs have not met their burden of establishing injunctive relief is necessary in this matter.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction (Doc. #20) is hereby DENIED.

DATED:  April 12, 2012

_____
PHILIP M. PRO
United States District Judge